# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA

v.

__Jamal Muhammad__
*Defendant*

ORDER OF DETENTION PENDING TRIAL

Case Number: 08-20652-4

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**FILED DEC 15 2011 CLERK'S OFFICE U.S. DISTRICT COURT EASTERN MICHIGAN**

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that *See attached*

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

12/15/11
*Date*

*Signature of Judge*

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Jamal Muhammad Detention Order

Defendant is charged with Interference With Commerce by Robbery, Use of a Firearm During the Commission of a Violent Crime, Interference with Commerce by Robbery, and Use of a Firearm During the Commission of a Violent Crime. If convicted, he faces up to 32 years incarceration. Defendant is currently on probation and under state supervision following his conviction on February 24, 2011 for Larceny from a Motor Vehicle, Receiving and Concealing Stolen Property. He was sentenced to 6 months in jail and probation. His probation officer has indicated that he will violate him now as a result of the instant federal indictment.

Defendant is 27 years old, single with no children, with no family ties to this district. His mother and sister reside in Atlanta, Georgia, and he has no idea where his three siblings live and he has no contact with them. He was released from jail in September. He claims to be employed by a car wash located on McNichols in the city of Detroit, but the name of the car wash and the location given to Pretrial Services produced no such place. Defendant reports only sporadic employment between 2006 - 2011, none of which could be verified. He has no assets and no liabilities, and his only monthly expense is a $40 cellular telephone bill.

Defendant's residence is anything but stable. He maintains that he has lived in this district for the past ten years. He gave his state probation officer an address on Braile in the city of Detroit, where he has a girlfriend, but this address has never been verified as the state probation officer was denied access to that home. He also indicated that he may stay at any of three addresses, where he has girlfriends, but he was not able to give those addresses to Pretrial Services.

Defendant admits to a daily marijuana habit since the age of 16. He once attended outpatient substance abuse treatment in 2002-2003 but was terminated unsuccessfully for continued urinalysis findings positive for marijuana.

Defendant's continuing stream of criminal contacts begins at age 18 when on November 14, 2002 he was convicted of Unlawfully Driving Away an Automobile. He violated his probation and was sentenced to 120 days jail for violating. On September 27, 2002, before his conviction on the auto charge, Defendant was convicted of Larceny, and sentenced to 6 months probation. On January 3, 2007 Defendant was charged with Felony Obstructing Judiciary or Congress or Legislature or Commission, and the disposition of those charges is currently unknown. On November 4, 2008 Defendant was convicted of Home Invasion, entered into a plea agreement for Boot Camp and 2 years probation. Defendant violated probation and was arrested on a warrant on January 10, 2011. On August 20, 2008 Defendant was charged with Felony Burglary, a

warrant was requested, but the disposition is unknown. And on February 24, 2011 Defendant was convicted in the 36th District Court on charges of Larceny from a Motor Vehicle, was sentenced to 6 months jail time and probation. He is currently serving that probation sentence and is soon to be violated by his supervising state officer.

Defendant requests a bond and maintains that he is neither a risk of flight nor a danger to the community. This Court disagrees. Defendant's criminal activities have only escalated with time, and the current charges suggest clearly and convincingly that he is indeed a danger to the community. Furthermore, he has been on probation twice, and each time he has violated the conditions of probation, and is now about to be violated for the third time. He has shown no ability to comply with conditions of supervision in the past, and there is no reason to believe that he would comply with any conditions of bond that this Court might set. Therefore this Court believes that Defendant poses a risk of flight, because a preponderance of the evidence suggests that he is not willing or capable of complying with orders of the Court and conditions of bond.

The nature of the offenses charged, Defendant's residential instability, his lack of family ties to the District, his three failures under supervision, his failed drug treatment, his lack of employment, his drug dependence, and his continuing pattern of criminal activity even while under supervision lead this Court to conclude that there is no condition or combination of conditions which would assure this Defendant's appearance in court or the safety of the community. Therefore Detention is Ordered.